


FEB 2 1 2008
Feb 21, 2008
Judge Robert W. Gettleman
United States District Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| YVONNE EDWARDS and DERRICK MARTIN, a minor, by his mother, Yvonne Edwards, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 06 C 2901 |
| CHRISTORIA KING, individually, | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant, Christoria King, by her attorneys, pursuant to Rule 50 of the Federal Rules of Civil Procedure, hereby moves for judgment as a matter of law for the reasons set forth below:

Standard of review

1. The standard for a Rule 50 motion for judgment as a matter of law is "fundamentally the same standard" that is used in a motion for summary judgment. *Massey v. Blue Cross-Blue Shield of Illinois*, 226 F.3d 922, 924 (7th Cir. 2000). The question for the court to determine is whether the jury was "presented with a legally sufficient amount of evidence from which it could reasonably derive a verdict." *Id.* at 924.

2. In reviewing a motion for judgment as a matter of law, the court must review the record as a whole, and must ""draw all reasonable inferences in favor of the nonmoving party." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). In addition, the court also may not make credibility determinations or weigh the evidence and must disregard evidence that is favorable to the moving party that the jury is not required to believe. *Id.* In other words, "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses.'" *Id.* (quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529 at 300 (2d ed. 1995).

Edwards' false arrest claim

3. Plaintiff Edwards' claim for false arrest fails because she has not proven that she suffered any damages as a direct result of defendant's actions. Plaintiff Edwards cannot establish that she suffered the injury element of these claims by asserting that defendant's actions toward a third party (Plaintiff Martin) caused her harm. That is the only harm she claims she suffered - seeing her son go through the altercation and subsequent booking process at the police station. Accordingly, for this reason, judgment must be entered in favor of defendant on Plaintiff Edwards' claim.

Martin's malicious prosecution claim

4. Defendant is entitled to judgment as a matter of law on Plaintiff Martin's malicious prosecution claim because Plaintiff Martin has not established as a matter of law that defendant engaged in malicious prosecution. To establish malicious prosecution claim Plaintiff Martin must show: 1) he was subjected to a criminal proceeding; 2) the defendant proceeded with criminal charges knowing the charges were false; 3) the defendant initiated or continued the proceeding maliciously; 4) the proceedings were resolved in his favor; and 5) he suffered an injury. *Ewing v. O'Brien*, 60 F. Supp. 2d 813, 818 (N.D. Ill. 1999). The absence of

any one of these elements defeats a malicious prosecution claim. *Swick v. Lautaud*, 169 Ill. 2d 504, 512 (Ill. 1996).

5. There is no evidence that defendant falsely initiated or continued criminal proceedings against Plaintiff Martin. "Under Illinois law, in order to attribute legal causation of the original criminal action against the plaintiff to a private defendant, a plaintiff must show facts demonstrating that defendant: 1) knowingly made false statements to the police; 2) instituted the proceedings against plaintiff; or 3) "requested, directed or pressured the officer into swearing out the complaint for the plaintiff's arrest." *Doe v. City of Chicago*, 39 F. Supp. 2d 1106, 1113 (N.D. Ill. 1999) (citing *Geisberger v. Vella*, 62 Ill. App. 3d 941 (1978)).

6. Plaintiff Martin offers no evidence that defendant provided false information to the police, much less that she did so knowingly.

7. Plaintiff Martin offers no evidence that defendant directed or pressured the officers into swearing out a complaint for his arrest.

8. Defendant is a Board of Education employee and was not the prosecuting attorney in the criminal proceeding against Plaintiff Martin. The proceeding against him was initiated by the Cook County State's Attorney's Office, not by defendant. 55 ILCS 5/3-9005 (West 1999) (it is the duty of the State's attorney to "commence and prosecute all actions, suits, indictments and prosecutions . . . in the circuit court for his county"); *Logan v. Caterpillar*, No. 98 C 6391, 99 U.S. Dist. LEXIS 16483 at *13 (N.D. Ill. Oct. 20, 1999). "The State's Attorney's office alone is authorized to make the ultimate decision on whether to continue prosecuting the accused." *Id.*

9. Plaintiff Martin also fails to show that there was a lack of probable cause. *See Phelan v. Paladino*, No. 98 C 1862, 2001 U.S. Dist. LEXIS at *6 (N.D. Ill. Feb. 5, 2001) (existence of probable cause is an absolute bar to malicious prosecution claim). Probable cause is "a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that

the accused committed the offense charged." *Mack v. First Security Bank*, 158 Ill. App. 3d 497, 502 (Ill. 1987).

10. Plaintiff Martin fails to show that defendant acted with malice. "Malice is defined as the prosecution for any other reason than to bring a party to justice." *Salmen v. Kamberos*, 206 Ill. App. 3d 686, 691 (1st Dist. 1990). Malice cannot be inferred where there is probable cause. *Johnson v. Target Stores, Inc.*, 341 Ill. App. 3d 56, 77 (1st Dist. 2003). If there is a lack of probable cause, malice can only be inferred "where there is no other credible evidence to refute that inference." *Id.* As previously stated, defendant had probable cause to believe that Plaintiff Martin had battered her. Plaintiff Martin cannot prove defendant acted maliciously.

False arrest

11. In addition to the fact that Plaintiff Edwards has failed to establish she suffered compensable damages, neither plaintiff can meet the burden of proof with respect to the false arrest and excessive force claims.

12. To succeed under § 1983 for a false arrest violation, plaintiffs must show that their constitutional rights were violated. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "Merely giving information to the police is in itself insufficient to constitute participation in an arrest." *Olinger v. Doe*, 163 F. Supp. 2d 988, 990 (N.D. Ill. 2001).

13. Plaintiffs' false arrest claims fail because defendant had probable cause to inform the police that she believed plaintiffs had battered her. Even if defendant was incorrect regarding probable cause, she is protected by qualified immunity because it was unclear whether her actions were unlawful. To defeat defendant's qualified immunity, plaintiffs must show that defendant violated a constitutional right that was clearly established. *Id.*

14. A reasonably prudent person would have probable cause to believe that plaintiffs had battered defendant. The Seventh Circuit has held that probable cause is an absolute bar to a § 1983 claim for false arrest, even when the

defendant allegedly acted upon a malicious motive. *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006).

<u>Martin's excessive force claim</u>

15. Again, Plaintiff Martin cannot meet his burden of proof with respect to his claim for excessive force. In order to prove their claim for excessive force, he must establish that defendant used unreasonable force against him and because of defendant's unreasonable force, he was harmed.

16. The facts presented in Plaintiff Martin's case demonstrate that defendant did not use any unreasonable force.

WHEREFORE, Defendant King respectfully requests that the court enter judgment in her favor on all plaintiffs' claims.

Respectfully submitted,

PATRICK J. ROCKS,
General Counsel

By: [signature]

LINDA HOGAN
ANDREA HORTON
Attorneys for Defendant King
Board of Education of the City of Chicago - Law Department
125 S. Clark St., Ste. 700
Chicago, IL 60603
(773) 553-1700

**CERTIFICATE OF SERVICE**

I, Linda Hogan, an attorney do hereby certify that I caused a true and accurate copy of Defendant's Motion for Judgment as a Matter of Law to be served by hand delivery to Gregory Kulis and Shehnaz Mansuri, counsel of record for plaintiffs, this 21st day of February, 2008.

Linda Hogan